AUGUST F. STAUFF & CO., INC. *v.* UNITED STATES

**No. 7071.**—Invoice dated Selkirk, Scotland, May 14, 1946.
        Certified May 17, 1946.
        Entered at New York, N. Y., July 12, 1946.
        Entry No. 703131.

(Decided March 24, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

TILSON, Judge: This appeal involves the question of whether or not the amount of a so-called British purchase tax should be included as a part of the dutiable values of the merchandise. According to an agreement of counsel, practically the same issues were involved in *United States* v. *Pitcairn,* C. A. D. 334, the record in which case has been admitted in evidence in this case.

Upon the facts and the law, I find and hold the proper dutiable export values of the merchandise covered by this appeal to be the values found by the appraiser, less any amounts added under duress. Judgment will be rendered accordingly.

LANSEN-NAEVE CORP. ET AL. *v.* UNITED STATES

**No. 7072.**—Invoices dated London, England, May 3, 1946, etc.
        Certified May 14, 1946, etc.
        Entered at New York, N. Y., June 21, 1946, etc.
        Entry No. 770730, etc.

(Decided March 24, 1947)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.